IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TONNIE BROWN, III,                                                                     PLAINTIFF
ADC #110945

v.                                          5:05CV00207HLJ

GEORGE WILSON, et al.                                                        DEFENDANTS

## MEMORANDUM AND ORDER

### I.  Introduction

This matter is before the Court on the defendants' motions for summary judgment (DE ##80, 89).  Plaintiff has filed responses in opposition to the motions (DE ##84-86, 93-95).

Plaintiff, a state inmate incarcerated at the Maximum Security Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging deliberate indifference to his serious medical needs with respect to their treatment of his left jaw pain and mild bi-temporal swelling, beginning in June, 2003, while plaintiff was housed at the North Central Unit and following his transfer to the Maximum Security Unit.[1]  Plaintiff asks for monetary relief from ADC defendant Max Mobley, and defendants George Wilson, Charlotte Green, Dr. Nnamdi Ifediora, and Jody Lefevers, employees of Correctional Medical Services, Inc. (CMS), which contracts with the ADC to provide medical care and treatment to state prison inmates.

According to plaintiff's complaint and mostly undisputed facts set forth by the parties, plaintiff was injured in an altercation at the North Central Unit on June 12, 2003, and as a result,

---

[1]

Plaintiff's allegations of excessive force against defendants Hipple, Warner, and Campbell were dismissed by Order dated December 29, 2005 (DE #46), for failure to exhaust administrative remedies..

1

suffers from jaw pain and a frequent swelling of the side of his head when he eats.   He states that following the incident, he was examined "too aggressively" by defendant Lefevers, who was employed as a nurse at the Unit.  He was later transferred to the Maximum Security Unit, where at some point he was referred to an outside physician, Dr. Burnett, who ordered a CT scan for plaintiff. This scan was conducted on December 20, 2003.

In August, 2004, plaintiff was examined by defendant Ifediora for the same jaw complaints, and defendant noted that the previous CT scan was "unremarkable" (DE #91, Ex. 3).  During an examination, defendant Ifediora asked plaintiff to eat food in his presence so he could try and determine the source of plaintiff's problem.  Dr. Ifediora ordered a second CT scan, which was performed on August 20, 2004, together with a follow-up visit to Dr. Burnett on August 24, 2004. At that time, Dr. Burnett recommended that plaintiff receive an outside consultation with an Ear, Nose and Throat (ENT)  specialist, to determine if plaintiff suffered from a sinus duct occlusion. After Dr. Ifediora received the results from the second CT scan, which was also unremarkable, he requested that plaintiff receive an outside consult from an ENT specialist.   This consult was submitted to the CMS Medical Director, Dr. Roland Anderson, for approval, who deferred the consult recommendation.

After September, 2004, plaintiff did not submit any additional sick call requests or informal resolutions concerning his jaw and facial problems, stating that he did not believe further complaints would be reviewed, and also because he was tired of defendant Ifediora treating him with different methods and medications each time he saw plaintiff.

Plaintiff stated in his deposition that he continues to suffer constant jaw pain and swelling after he eats.  He states that he also named defendant Wilson in his complaint, because as regional

vice president for CMS, he should have been placed on notice about plaintiff's complaints.  He also states that defendant Green, the Health Services Administrator at the Unit, failed to follow-through on nursing protocols and doctor's orders and failed to personally respond to plaintiff's request for an interview.

## II.  Defendant Mobley's Summary Judgment Motion

### A.  Defendant Mobley's Motion

Defendant Mobley, formerly employed by the ADC as Deputy Director for Health and Correctional Programs, states that until he retired in December, 2006, his duties included reviewing inmate appeals of responses by CMS to health-related grievances.  He further states in his affidavit (DE #81, Ex. A) that the purpose of such reviews was not to make diagnostic or treatment decisions, or to overrule those decisions, but rather, to ensure that an inmate's medical complaints were responded to by CMS.  Mobley further states that he is not a medical doctor, does not diagnose or treat medical problems of any inmate, including plaintiff, and has never attempted to influence any medical decisions relating to plaintiff.  He also states that he has no independent recollection of receiving correspondence from the plaintiff, and his office has no record of such.

In light of such, defendant states that plaintiff's allegations against him should be dismissed for failure to state a claim, citing Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997), where the court held that claims of medical indifference should be filed against the individuals directly responsible for the inmate's medical care.  Defendant further states that the general responsibility for supervising the operations of a prison is insufficient to establish personal involvement required to support liability, citing Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995).  Defendant maintains that he responded to all  plaintiff's grievance appeals (five are mentioned with respect to

this complaint), and has no recollection of receiving any outside correspondence from plaintiff. Finally, defendant also states he is protected from liability by sovereign and qualified immunity.

## B.  Plaintiff's Response

Plaintiff alleges that by having the authority to decide whether a grievance appeal has merit, Mobley therefore has authority with respect to the medical decisions made concerning the diagnosis and treatment of inmates by CMS.   Plaintiff admits  defendant responded to his grievance appeals, but states he failed to refer these problems to the necessary health personnel who could take care of treating his serious medical needs.  In his deposition (DE #91, Ex. 1), plaintiff states defendant Mobley had the general supervisory authority over CMS, and his actions in finding no merit to his grievances amounted to deliberate indifference to his serious medical needs.  Finally, plaintiff alleges he wrote defendant Mobley a letter, asking for his help, although he acknowledges not having a copy of the letter and alleges in his deposition that defendant's office could have destroyed it.

## C.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See  Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set

forth specific facts showing that there is a genuine issue for trial." <u>Id</u>. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." <u>Id</u>.

 D.  Analysis

      The Court finds, as a matter of law, that plaintiff fails to state a claim against defendant Mobley.  Plaintiff does not dispute that defendant Mobley is not a medical doctor and that he did not examine and or treat plaintiff at any time.   Nor does plaintiff deny that defendant responded to all the grievance appeals submitted to him.   Rather, plaintiff appears to complain because defendant Mobley deferred to the medical responses to his grievances, and found no merit to his appeals. Despite agreeing with defendant's lack of medical experience, plaintiff complains he did not use his authority to somehow intervene in the process and find a resolution to his medical problem. According to the cases cited by defendant (<u>Keeper</u> and <u>Camberos</u>, <u>supra</u>), defendant Mobley can not be held liable for the medical staff's diagnostic and treatment decisions.   Therefore, defendant Mobley's motion should be granted.

III.  Medical Defendants' Motion

A.  Defendants' Motion

      In their motion for summary judgment, defendants state that plaintiff can not support his claim  for deliberate indifference against them, for the following reasons: 1) defendant Wilson did not personally participate in plaintiff's medical care, was unaware of plaintiff's particular circumstances, and can not be held liable under a supervisory theory of liability; 2) defendant Lefevers examined and treated plaintiff, did not cause plaintiff any injuries, and plaintiff did not file

5

a grievance concerning this incident; 3) defendant Ifediora treated plaintiff on several occasions, saw that he received special tests, referred him to an outside specialist, and had no authority to override the medical director's decision to defer that referral; 4) defendant Green dealt with plaintiff's requests to review his medical records, did not deny plaintiff's requests for sick call, and can not be held liable based on her supervisory authority.  Defendants all state plaintiff can not point to any conduct which was deliberately indifferent to his serious medical needs, nor to any delay in his treatment, since he received two CT tests, was examined by an outside specialist, Dr. Burnett, on two occasions, was examined by Dr. Ifediora on several occasions, and submitted only two sick call requests, on July 13, 2004, and September 8, 2004.

Defendants also state plaintiff can not place verifying medical evidence in the record which would establish that he suffered detrimentally from a delay in treatment by them, or that their conduct constituted intentional maltreatment or was grossly inappropriate, citing Beyerbach v. Sears, 49 F.3d 1324 (8th Cir. 1995), and Dulany v. Carnahan, supra, 132 F.3d at 1241.

B.  Plaintiff's Response

In response, plaintiff first admits that he never met with or corresponded with defendant Wilson, and that defendant was not involved in his treatment.  Rather, plaintiff alleges that as the regional vice president, Wilson should have been aware of plaintiff's medical problems.  Plaintiff also admits  defendant Lefevers examined him on several occasions and did not injure him, but rather, acted aggressive in the examination "which established her having personal involvement in the measure of plaintiff's serious medical needs."  (DE #91, Ex. 1).   While he further admits Dr. Ifediora did not prevent plaintiff from being able to see a specialist, he complains that defendant was unable to diagnose and treat plaintiff's condition, and each time he was examined by defendant,

defendant changed plaintiff's course of medication and treatment.   Finally, plaintiff alleges defendant Green failed to personally respond to his request for interview, and instead, arranged for other infirmary personnel to speak with him.   Plaintiff also complains that as the infirmary supervisor, defendant Green failed in her duty to ensure that he received proper medical care and treatment.

C.  Standard of Review

See Section II (C).

D.  Analysis

In order to support a claim for an Eighth Amendment violation, plaintiff must prove that defendants were deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S. 825, 827 (1994).  However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 197 (1976).  Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  See also Smith v. Marcantonio, 901 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).    Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment."  Long v. Nix, 86 F.3d  761, 765 (8th Cir. 1996 ).  In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional

violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim.  <u>Beyerbach v. Sears</u>, 49 F.3d 1324, 1326 (8th Cir. 1995).  Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." <u>Dulany</u>, <u>supra</u>, 132 F.3d at 1240.

1) Defendant Wilson - It is clear from plaintiff's allegations and his deposition, that this defendant had no personal involvement in plaintiff's medical care and treatment.  Plaintiff's allegations against him are based solely on his supervisory authority, and such liability is not available in actions filed pursuant to 42 U.S.C. § 1983.   <u>See</u> <u>Glick v. Sargent</u>, 696 F.2d 413, 414 (8th Cir. 1983), and <u>Messimer v. Lockhart</u>, 702 F.2d 729 (8th Cir. 1983).  Therefore, the Court finds as a matter of law that  plaintiff fails to support an Eighth Amendment claim against this defendant .

2) Defendant Lafevers - Likewise, plaintiff does not support a claim for relief against this defendant.  While plaintiff alleges that her examination was too aggressive, and somewhat rough, he admits he was not injured during this examination and does not deny that he was thoroughly examined.  Therefore, as a matter of law, this defendant also should be dismissed.

3) Defendant Ifediora - Plaintiff does not allege that this defendant denied him treatment, failed to treat him, or acted recklessly and maliciously, which are elements of a deliberate indifference claim.  He also admits that defendant Ifediora was not responsible for the deferment of the referral claim, and had no authority to override such.  Rather, plaintiff vaguely alleges a delay in treatment, prior to September, 2004, and failure of defendant to discover the cause of plaintiff's

8

pain and to find a resolution.  The Court finds as a matter of law that defendant's actions were not deliberately indifferent to, or in reckless disregard for, plaintiff's health and safety.

4) Defendant Green - Plaintiff also fails to state a claim for relief against defendant Green. Plaintiff does not allege that he was denied medical care or treatment by this defendant, but rather, by her supervisory authority, she failed to ensure that his medical problems be resolved.  For the same reasons as defendant Wilson, the Court also finds that plaintiff's allegations against defendant Green do not state a claim for relief.

Finally, although plaintiff alleges discrepancies in his treatment, he provides no proof of behavior to support a finding of deliberate indifference by defendants.  In addition, he provides no medical evidence of harm as a result of any delays in his treatment.  Therefore, the Court concludes that defendants' motions for summary judgment should be granted, and plaintiff's complaint against defendants should be dismissed.  Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motions for summary judgment (DE ## 80, 89) are hereby GRANTED, and plaintiff's complaint against defendants is hereby DISMISSED with prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 13th day of June, 2007.

_Henry L. Jones, Jr._
United States Magistrate Judge